# EXHIBIT 1

VADIM YEREMENKO, ESQ. (State Bar No. 269804)
vyeremenko@LYlegal.net
ALEX HADJIAN, ESQ. (State Bar No. 327534)
ahadjian@LYlegal.net
**LICATA & YEREMENKO**
A Professional Law Corporation
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
(818) 783-5757  Phone
(818) 783-7710  Fax

Attorneys for Plaintiff **JAZMIN FLAHERTY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/06/2024 4:23 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAZMIN FLAHERTY,<br><br>        Plaintiff,<br><br>     vs.<br><br>LABORATORY CORPORATION OF AMERICA;<br>LABORATORY CORPORATION OF AMERICA HOLDINGS; and<br>DOES 1 through 100, Inclusive,<br><br>        Defendants. | Case No.  24STCV32233<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>1. **FOR PERCEIVED AND/OR PHYSICAL DISABILITY HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];**<br><br>2. **FOR PERCEIVED AND/OR MENTAL HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];**<br><br>3. **FOR HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12945.2 ET SEQ. [CFRA];** |

1

4. **RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND**

5. **FOR DECLARATORY RELIEF [Permanent Injunction Requested]**

**JURY TRIAL DEMANDED UNLIMITED JURISDICTION: CASE VALUE IN EXCESS OF $35,000.00**

COMES NOW Plaintiff **JAZMIN FLAHERTY** (hereinafter referred to as "FLAHERTY" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, and alleges as follows:

I.

**FIRST CAUSE OF ACTION**

**(For Perceived and/or Physical Disability Harassment, Discrimination and Retaliation in Employment [California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.    At all times mentioned herein, Plaintiff was an individual residing in the County of Los Angeles, State of California and who now resides in the County of Sacramento, State of California.

2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant LABORATORY CORPORATION OF AMERICA (hereinafter collectively referred to with other Defendants and DOES 1 through 100 as "Defendants") was, and now is, a Delaware corporation, duly registered and licensed to do business in the County of Los Angeles, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant LABORATORY CORPORATION OF AMERICA HOLDINGS (hereinafter collectively referred to with other Defendants and DOES 1 through 100 as "Defendants") was, and now is, a Delaware corporation, duly registered and licensed to do business in the County of

2

Los Angeles, State of California.

4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 through 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

5.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1 through 100, herein was the agent, managing agent, principal, owner, partner, integrated enterprise, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6.    At all times herein mentioned, from about June 20, 2022, until Plaintiff's wrongful termination on or about October 30, 2023, Plaintiff was employed as a PSC Site Coordinator by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7.    At all times herein alleged, Plaintiff had perceived and/or physical disability(s) of left eye injury(s) and associated conditions and perceived and/or mental disability(s) of PTSD, stress, anxiety, depression, panic attacks and associated conditions.

8.    On or about January 3, 2023, while Plaintiff was performing her regular job duties for Defendants, and DOES 1 through 100, inclusive, and each of them, a patient pulled out a

3

PLAINTIFF'S COMPLAINT FOR DAMAGES

firearm and discharged it in Plaintiff' direction.

9.    On or about January 3, 2023, Plaintiff developed and/or aggravated and/or sustained perceived and/or mental disability(s) of PTSD, stress, anxiety, depression, panic attacks and associated conditions.

10.    Plaintiff placed Defendants, and DOES 1 through 100, inclusive, and each of them on notice of her mental disability(s).

11.    Defendants, and DOES 1 through 100, inclusive, and each of them did not sent Plaintiff to a medical facility for diagnosis and/or treatment.

12.    Defendants, and DOES 1 through 100, inclusive, and each of them did not initiate a workers' compensation claim for Plaintiff and did not advise Plaintiff of her ability to initiate a workers' compensation claim.

13.    Plaintiff continued working as usual.

14.    Plaintiff is informed and believes, and thereon alleges that Defendants' failure to timely send her to a medical facility for diagnosis and/or treatment as well as their failure to timely initiate a workers' compensation claim for Plaintiff and/or to advise Plaintiff of her ability to initiate a workers' compensation claim exacerbated her mental disability(s) and/or adversely affected her recovery efforts.

15.    On or about February 10, 2023, while Plaintiff was performing her regular job duties for Defendants, and DOES 1 through 100, inclusive, and each of them, a patient attempted to grab Plaintiff's badge and otherwise physically assaulted and/or battered Plaintiff.

16.    On or about February 10, 2023, Plaintiff developed and/or aggravated and/or sustained perceived and/or physical disability(s) of left eye injury(s) and associated conditions as well as perceived and/or mental disability(s) of PTSD, stress, anxiety, depression, panic attacks and associated conditions.

17.    Plaintiff placed Defendants, and DOES 1 through 100, inclusive, and each of them on notice of her physical and mental disability(s).

18.    Defendants, and DOES 1 through 100, inclusive, and each of them did not sent Plaintiff to a medical facility for diagnosis and/or treatment.

4

19.     Defendants, and DOES 1 through 100, inclusive, and each of them did not initiate a workers' compensation claim for Plaintiff and did not advise Plaintiff of her ability to initiate a workers' compensation claim.

20.     Accordingly, Plaintiff sought treatment with her personal physician.

21.     Plaintiff is informed and believes, and thereon alleges that Defendants' failure to timely send her to a medical facility for diagnosis and/or treatment as well as their failure to timely initiate a workers' compensation claim for Plaintiff and/or to advise Plaintiff of her ability to initiate a workers' compensation claim exacerbated her physical and mental disability(s) and/or adversely affected her recovery efforts.

22.     On or about February 13, 2023, Plaintiff's personal physician placed her off-work to recuperate and heal.

23.     Plaintiff provided Defendants, and DOES 1 through 100, inclusive, and each of them with the appropriate doctor's note(s) advising of Plaintiff's need for a medical leave.

24.     Plaintiff's medical leave was subsequently extended and Plaintiff continuously communicated with Defendants and/or Defendant's Leave Administrators about her status.

25.     On or about March 1, 2023, Plaintiff sent an email to Defendants' representative Abye Arce advising that her leave was being extended. In the same email, Plaintiff articulated her belief that since her disability(s) were caused by work-related incidents, that a workers' compensation claim should be opened and that the current leave should be changed from a personal medical leave to a workers' compensation leave. Plaintiff explicitly expressed her desire to get proper medical care and to not have to pay out of pocket for her work-related injury(s) and/or disability(s).

26.     On or about March 1, 2023, Defendants' representative Abye Arce acknowledged Plaintiff's request to initiate a workers' compensation claim and stated that she would follow up with "corporate" on this issue.

27.     Plaintiff is informed and believes, and thereon alleges that despite clearly being placed on notice of Plaintiff's work-related injury(s) and/or disability(s) Defendants, and DOES 1 through 100, inclusive, and each of them did not timely initiate a workers' compensation claim

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

for Plaintiff.

28.     Thereafter, Plaintiff retained a workers' compensation attorney and on or about June 23, 2023, worker's compensation claim(s) were filed on Plaintiff's behalf.

29.     Plaintiff remained on leave and continued to provide Defendants, and DOES 1 through 100, inclusive, and each of them, as well as Defendants' Leave Administrators with updates as to her disability(s) and/or leave status, including supporting notes/documents from her treating doctor(s).

30.     Despite the filing of the workers' compensation claim(s) and despite having received the supporting notes/documents from Plaintiff's treating doctor(s), Defendants, and DOES 1 through 100, inclusive, and each of them claimed that Plaintiff was on "unapproved leave" because "supporting documentation was not received."

31.     On or about October 3, 2023, Defendants' Human Resources representative Debbie Einarson sent Plaintiff a letter claiming that due to not having received supporting documentation for the leave, Plaintiff had to either return to work or face potential termination.

32.     On or about October 3, 2023, Plaintiff called Defendants' Human Resources representative Debbie Einarson and advised her that all appropriate documentation had, in fact, been submitted to Defendant's Leave Administrator.

33.     On or about, October 26, 2023—a Thursday, Defendants' Human Resources representative Debbie Einarson sent Plaintiff another letter stating that if supporting certification was not submitted by October 30, 2023—a Monday or if Plaintiff did not return to work, she would be terminated. This letter effectively gave Plaintiff one business day to respond.

34.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and/or Plaintiff's treating doctor(s) timely submitted all the necessary paperwork to advise Defendants, and DOES 1 through 100, inclusive, and each of them of Plaintiff's condition and need for further leave.

35.     On or about October 30, 2023, Defendants, and DOES 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or pretextual reason(s) of "failure to return from leave".

6

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

36.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and DOES 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual(s).

37.    At all times herein alleged, Plaintiff was a qualified disabled worker with one or more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's fellow employees, and who was entitled to preferential reassignment.

38.    Plaintiff is informed and believes, and thereon alleges, that at the time of Plaintiff's wrongful termination, Defendants, and DOES 1 through 100, inclusive, and each of them, had available position(s) for which Plaintiff was qualified and/or could be trained for, could perform with or without reasonable accommodations, and could perform without causing harm to Plaintiff and/or Plaintiff's fellow employees.

39.    From about January 3, 2023, and continuing at least through October 30, 2023, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s), by the following continuous actions, and conduct, among others:

    a.    Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

    b.    Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

    c.    Failing to provide Plaintiff with reasonable accommodations, including a leave of absence;

    d.    Repeatedly attempting to coerce Plaintiff to return to work;

    e.    Failing to timely initiate a workers' compensation claim for Plaintiff and/or advise Plaintiff of her right to do so;

    f.    Failing to timely refer Plaintiff to an occupational clinic and/or medical provider for diagnosis and treatment;

    g.    Failing to timely investigate Plaintiff's complaint(s) and/or take remedial

7

action(s);

h.  Subjecting Plaintiff to increased scrutiny and/or disciplinary action(s);

i.  On or about October 30, 2023, wrongfully terminating Plaintiff for the false and/or pretextual reason(s) of "failure to return from leave";

j.  Replacing Plaintiff with and/or keeping and/or treating more favorably a non-disabled individual(s);

k.  Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or disability(s), as herein alleged;

l.  Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave, as herein alleged;

m.  Failing to rehire and/or reemploy Plaintiff;

40.    The acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and DOES 1 through 100, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or physical disability and the prohibition of perceived and/or physical disability harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee with a perceived and/or physical disability(s), and within the protected class covered by California Government Code §12940, prohibiting perceived and/or physical disability harassment, discrimination and retaliation in employment.

41.    By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed,

8

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

discriminated against and retaliated against, Plaintiff's perceived and/or physical disability(s) and/or complaints about the unlawful conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

42.    Plaintiff filed timely charges and complaints of perceived and/or physical disability harassment, retaliation and discrimination with the California Civil Rights Department and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

43.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

44.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

45.    As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes,

9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

46.      Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

47.      As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

48.      Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

49.      The aforementioned acts of Defendants, and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

50.      As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## II.

## SECOND CAUSE OF ACTION

**(For Perceived and/or Mental Disability Harassment, Discrimination and Retaliation in Employment [California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

51.    Plaintiff incorporates herein by reference Paragraphs 1 through 50 as though set forth in full herein.

52.    At all times herein mentioned, from about June 20, 2022, until Plaintiff's wrongful termination on or about October 30, 2023, Plaintiff was employed as a PSC Site Coordinator by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

53.    At all times herein alleged, Plaintiff had perceived and/or physical disability(s) of left eye injury(s) and associated conditions and perceived and/or mental disability(s) of PTSD, stress, anxiety, depression, panic attacks and associated conditions.

54.    On or about January 3, 2023, while Plaintiff was performing her regular job duties for Defendants, and DOES 1 through 100, inclusive, and each of them, a patient pulled out a firearm and discharged it in Plaintiff' direction.

55.    On or about January 3, 2023, Plaintiff developed and/or aggravated and/or sustained perceived and/or mental disability(s) of PTSD, stress, anxiety, depression, panic attacks and associated conditions.

56.    Plaintiff placed Defendants, and DOES 1 through 100, inclusive, and each of them on notice of her mental disability(s).

57.    Defendants, and DOES 1 through 100, inclusive, and each of them did not sent Plaintiff to a medical facility for diagnosis and/or treatment.

58.    Defendants, and DOES 1 through 100, inclusive, and each of them did not initiate a workers' compensation claim for Plaintiff and did not advise Plaintiff of her ability to initiate a workers' compensation claim.

59.    Plaintiff continued working as usual.

11

60.     Plaintiff is informed and believes, and thereon alleges that Defendants' failure to timely send her to a medical facility for diagnosis and/or treatment as well as their failure to timely initiate a workers' compensation claim for Plaintiff and/or to advise Plaintiff of her ability to initiate a workers' compensation claim exacerbated her mental disability(s) and/or adversely affected her recovery efforts.

61.     On or about February 10, 2023, while Plaintiff was performing her regular job duties for Defendants, and DOES 1 through 100, inclusive, and each of them, a patient attempted to grab Plaintiff's badge and otherwise physically assaulted and/or battered Plaintiff.

62.     On or about February 10, 2023, Plaintiff developed and/or aggravated and/or sustained perceived and/or physical disability(s) of left eye injury(s) and associated conditions as well as perceived and/or mental disability(s) of PTSD, stress, anxiety, depression, panic attacks and associated conditions.

63.     Plaintiff placed Defendants, and DOES 1 through 100, inclusive, and each of them on notice of her physical and mental disability(s).

64.     Defendants, and DOES 1 through 100, inclusive, and each of them did not sent Plaintiff to a medical facility for diagnosis and/or treatment.

65.     Defendants, and DOES 1 through 100, inclusive, and each of them did not initiate a workers' compensation claim for Plaintiff and did not advise Plaintiff of her ability to initiate a workers' compensation claim.

66.     Accordingly, Plaintiff sought treatment with her personal physician.

67.     Plaintiff is informed and believes, and thereon alleges that Defendants' failure to timely send her to a medical facility for diagnosis and/or treatment as well as their failure to timely initiate a workers' compensation claim for Plaintiff and/or to advise Plaintiff of her ability to initiate a workers' compensation claim exacerbated her physical and mental disability(s) and/or adversely affected her recovery efforts.

68.     On or about February 13, 2023, Plaintiff's personal physician placed her off-work to recuperate and heal.

69.     Plaintiff provided Defendants, and DOES 1 through 100, inclusive, and each of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

them with the appropriate doctor's note(s) advising of Plaintiff's need for a medical leave.

70.    Plaintiff's medical leave was subsequently extended and Plaintiff continuously communicated with Defendants and/or Defendant's Leave Administrators about her status.

71.    On or about March 1, 2023, Plaintiff sent an email to Defendants' representative Abye Arce advising that her leave was being extended. In the same email, Plaintiff articulated her belief that since her disability(s) were caused by work-related incidents, that a workers' compensation claim should be opened and that the current leave should be changed from a personal medical leave to a workers' compensation leave. Plaintiff explicitly expressed her desire to get proper medical care and to not have to pay out of pocket for her work-related injury(s) and/or disability(s).

72.    On or about March 1, 2023, Defendants' representative Abye Arce acknowledged Plaintiff's request to initiate a workers' compensation claim and stated that she would follow up with "corporate" on this issue.

73.    Plaintiff is informed and believes, and thereon alleges that despite clearly being placed on notice of Plaintiff's work-related injury(s) and/or disability(s) Defendants, and DOES 1 through 100, inclusive, and each of them did not timely initiate a workers' compensation claim for Plaintiff.

74.    Thereafter, Plaintiff retained a workers' compensation attorney and on or about June 23, 2023, worker's compensation claim(s) were filed on Plaintiff's behalf.

75.    Plaintiff remained on leave and continued to provide Defendants, and DOES 1 through 100, inclusive, and each of them, as well as Defendants' Leave Administrators with updates as to her disability(s) and/or leave status, including supporting notes/documents from her treating doctor(s).

76.    Despite the filing of the workers' compensation claim(s) and despite having received the supporting notes/documents from Plaintiff's treating doctor(s), Defendants, and DOES 1 through 100, inclusive, and each of them claimed that Plaintiff was on "unapproved leave" because "supporting documentation was not received."

77.    On or about October 3, 2023, Defendants' Human Resources representative

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Debbie Einarson sent Plaintiff a letter claiming that due to not having received supporting documentation for the leave, Plaintiff had to either return to work or face potential termination.

78.    On or about October 3, 2023, Plaintiff called Defendants' Human Resources representative Debbie Einarson and advised her that all appropriate documentation had, in fact, been submitted to Defendant's Leave Administrator.

79.    On or about, October 26, 2023—a Thursday, Defendants' Human Resources representative Debbie Einarson sent Plaintiff another letter stating that if supporting certification was not submitted by October 30, 2023—a Monday or if Plaintiff did not return to work, she would be terminated. This letter effectively gave Plaintiff one business day to respond.

80.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and/or Plaintiff's treating doctor(s) timely submitted all the necessary paperwork to advise Defendants, and DOES 1 through 100, inclusive, and each of them of Plaintiff's condition and need for further leave.

81.    On or about October 30, 2023, Defendants, and DOES 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or pretextual reason(s) of "failure to return from leave".

82.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and DOES 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual(s).

83.    At all times herein alleged, Plaintiff was a qualified disabled worker with one or more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's fellow employees, and who was entitled to preferential reassignment.

84.    Plaintiff is informed and believes, and thereon alleges, that at the time of Plaintiff's wrongful termination, Defendants, and DOES 1 through 100, inclusive, and each of them, had available position(s) for which Plaintiff was qualified and/or could be trained for, could perform with or without reasonable accommodations, and could perform without causing harm to Plaintiff and/or Plaintiff's fellow employees.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

85. From about January 3, 2023, and continuing at least through October 30, 2023, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or mental disability(s), by the following continuous actions, and conduct, among others:

    a. Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

    b. Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

    c. Failing to provide Plaintiff with reasonable accommodations;

    d. Repeatedly attempting to coerce Plaintiff to return to work;

    e. Failing to timely initiate a workers' compensation claim for Plaintiff and/or advise Plaintiff of her right to do so;

    f. Failing to timely refer Plaintiff to an occupational clinic and/or medical provider for diagnosis and treatment;

    g. Failing to timely investigate Plaintiff's complaint(s) and/or take remedial action(s);

    h. Subjecting Plaintiff to increased scrutiny and/or disciplinary action(s);

    i. On or about October 30, 2023, wrongfully terminating Plaintiff for the false and/or pretextual reason(s) of "failure to return from leave";

    j. Replacing Plaintiff with and/or keeping and/or treating more favorably a non-disabled individual(s);

    k. Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or disability(s), as herein alleged;

    l. Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave, as herein alleged;

    m. Failing to rehire and/or reemploy Plaintiff;

86. The acts and conduct of Defendants, and DOES 1 through 100, and each of them,

as aforesaid, were in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and DOES 1 through 100, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or mental disability and the prohibition of perceived and/or mental disability harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee with a perceived and/or mental disability(s) and within the protected class covered by California Government Code §12940, prohibiting perceived and/or mental disability harassment, discrimination and retaliation in employment.

87. By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or mental disability harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's perceived and/or mental disability(s) and/or complaints about the unlawful conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

88. Plaintiff filed timely charges and complaints of perceived and/or mental disability harassment, retaliation and discrimination with the California Civil Rights Department and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

89. By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

16

California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

90.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

91.    As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

92.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

93.    As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

94.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

95.     The aforementioned acts of Defendants, and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

96.     As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

## III.

### THIRD CAUSE OF ACTION

**(For Violation of the Family Rights Act**

**[California Government Code § 12945.2]**

**Against All Defendants and DOES 1 -100, Inclusive)**

97.     Plaintiff incorporates herein by reference Paragraphs 1 through 96 as though set forth in full herein.

98.     Plaintiff was an employee of Defendants, and DOES 1 through 100, and each of them, who qualified for leave due to physical and/or mental disability(s) pursuant to California Government Code §12945.2 et seq.

99.     At all times herein mentioned, Defendants, and DOES 1 through 100, and each of them, were "Employer[s]" within the definition of Government Code §12945.2, in that Defendants, and DOES 1 through 100, and each of them, regularly employed 5 or more people and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave

18

protection than CFRA.

100.    From about January 3, 2023, and continuing at least through October 30, 2023, and continuing, Defendants, and DOES 1 through 100, and each of them, interfered with, denied and retaliated against Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family Rights and Family Care and Medical Leave, by the following actions, among others:

a.    Defendants, and DOES 1 through 100, and each of them, harassed, discriminated against and retaliated against Plaintiff, as herein alleged, in the terms and conditions of Plaintiff's employment;

b.    Defendants, and DOES 1 through 100, and each of them, retaliated against Plaintiff because of Plaintiff's entitlement and/or request and/or taking of the right to medical leave in violation of Government Code §12945.2 et seq. by, amongst others, failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated; failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations; failing to provide Plaintiff with reasonable accommodations; repeatedly attempting to coerce Plaintiff to return to work; failing to timely initiate a workers' compensation claim for Plaintiff and/or advise Plaintiff of her right to do so; failing to timely refer Plaintiff to an occupational clinic and/or medical provider for diagnosis and treatment; failing to timely investigate Plaintiff's complaint(s) and/or take remedial action(s); subjecting Plaintiff to increased scrutiny and/or disciplinary action(s); on or about October 30, 2023, wrongfully terminating Plaintiff for the false and/or pretextual reason(s) of "failure to return from leave"; replacing Plaintiff with and/or keeping and/or treating more favorably a non-disabled individual(s); harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or disability(s), as herein alleged;

c.    Failing to rehire and/or reemploy Plaintiff.

101.    By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and

19

failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights Act. The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. Plaintiff's request and/or taking and/or right to take, Family Medical Leave, and/or Plaintiff's complaints about the unlawful conduct were motivating reasons in Defendants' conduct.

102. Plaintiff filed timely charges and complaints of retaliation, harassment and discrimination in violation of the Family Rights Act with the California Civil Rights Department pursuant to California Government Code §12965(b), permitting Plaintiff to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

103. By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

104. As a direct and legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

105. As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-

20

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

106.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

107.    As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

108.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

109.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

110.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

21

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

### IV.

### <u>FOURTH CAUSE OF ACTION</u>

### (For Retaliation and Wrongful Termination in Violation of Public Policy

### Against All Defendants and DOES 1 -100, Inclusive)

111.    Plaintiff incorporates herein by reference Paragraphs 1 through 110 as though set forth in full herein.

112.    On or about October 30, 2023, Defendants, and DOES 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or pretextual reason(s) of "failure to return from leave".

113.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating, harassing, and retaliating against any individual based on perceived and/or physical disability(s). This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination, retaliation and harassment, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

114.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating, harassing, and retaliating against any individual based on perceived and/or mental disability(s). This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination, retaliation and harassment, was wrongful and in

22

contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940 et seq., and the laws and regulations promulgated thereunder

115.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12945.2 was to prohibit employers from discriminating and retaliating against any individual based on their taking, requesting or needing Family Medical Leave.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12945.2 et seq., and the laws and regulations promulgated thereunder.

116.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

117.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1 through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

118.    As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, inclusive and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

119.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

120.    As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

121.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

122.    The aforementioned acts of Defendants, and DOES 1 through 100, inclusive, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

123.    As a result of the acts of Defendants, and DOES 1 through 100, inclusive, and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

**V.**

**FIFTH CAUSE OF ACTION**

**(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

124.    Plaintiff incorporates herein by reference Paragraphs 1 through 123 as though set forth in full herein.

125.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding Declaration of Rights and Duties pursuant to the ruling in *Harris v. City of Santa Monica*, Case No. S181004, Cal.Sup.Ct. 2/7/13, declaring that Defendants, and DOES 1 through 100, inclusive, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and DOES 1 through 100, inclusive, and each of them, committed acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 – 12996, and any other applicable laws, cases, codes, regulations and statutes.

126.    At the time of the request for Declaratory Relief, there exists and/or will exist a present and actual controversy among the parties.

127.    This Complaint, and the relevant causes of action herein, specifically plead an actual, present controversy, and the facts of the respective and underlying claims.

128.    At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

129.    As a result of the wrongful acts of Defendants, and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants, and DOES 1 through 100, inclusive, and each of

25

them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and DOES 1 through 100, inclusive, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 – 12996, and any other applicable laws, cases, codes, regulations and statutes.

130.    As a result of the wrongful conduct of Defendants, and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, Case No. S181004, Cal.Sup.Ct. 2/7/13.

**WHEREFORE**, Plaintiff **JAZMIN FLAHERTY**, prays for judgment against the Defendants, and DOES 1 through 100, inclusive, and each of them, as follows:

1.    For general damages in an amount within the jurisdictional limits of this Court, according to proof;

2.    For medical expenses and related items of expense, according to proof;

3.    For loss of earnings, according to proof;

4.    For loss of earning capacity, according to proof;

5.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof

6.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.    For a permanent injunction against Defendants, and DOES 1 through 100, inclusive, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8.  For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203, according to proof;

9.  For prejudgment interest, according to proof;

10. For punitive and exemplary damages, according to proof;

11. For costs of suit incurred herein, according to proof; and

12. For such other and further relief as the court may deem just and proper.

Dated: December 6, 2024

LICATA & YEREMENKO
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**JAZMIN FLAHERTY**

### DEMAND FOR JURY TRIAL

Plaintiff JAZMIN FLAHERTY hereby demands trial by jury.

Dated:   December 6, 2024

LICATA & YEREMENKO
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**JAZMIN FLAHERTY**

27

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*EXHIBIT "A"*

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Jazmin Flaherty

CRD No. 202405-24562301

Complainant,

vs.

LABORATORY CORPORATION OF AMERICA
358 SOUTH MAIN STREET
BURLINGTON, NC 27215

LABORATORY CORPORATION OF AMERICA
HOLDINGS
531 SOUTH SPRING STREET
BURLINGTON, NC 27215

Respondents

---

1. Respondent **LABORATORY CORPORATION OF AMERICA** is an employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **LABORATORY CORPORATION OF AMERICA HOLDINGS** business as Co-Respondent(s).

3. Complainant **Jazmin Flaherty**, resides in the City of **Bakersfield**, State of **CA.**

4. Complainant alleges that on or about **October 30, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military

-1-
Complaint – CRD No. 202405-24562301

Date Filed: May 1, 2024

CRD-ENF 80 RS (Revised 12/22)

exigencies and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** From about June 13, 2022, and continuing at least through October 30, 2023, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or physical disability(s) (left eye injury(s) and associated conditions), perceived and/or mental disability(s) (stress, anxiety, depression, panic attacks, and associated conditions), and requesting and/or taking a medical/CFRA leave.

-2-
*Complaint – CRD No. 202405-24562301*

Date Filed: May 1, 2024

CRD-ENF 80 RS (Revised 12/22)

1  VERIFICATION

2  I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read
   the foregoing complaint and know the contents thereof.  The matters alleged are
3  based on information and belief, which I believe to be true.

4  On May 1, 2024, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                              **Sherman Oaks, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                                        -3-
26                          *Complaint – CRD No. 202405-24562301*

27
   Date Filed: May 1, 2024
28
                                                CRD-ENF 80 RS (Revised 12/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jazmin Flaherty

CRD No. 202405-24562301

Complainant,

vs.

LABORATORY CORPORATION OF AMERICA
358 SOUTH MAIN STREET
BURLINGTON, NC 27215

LABORATORY CORPORATION OF AMERICA
HOLDINGS
531 SOUTH SPRING STREET
BURLINGTON, NC 27215

Respondents

---

1. Respondent **LABORATORY CORPORATION OF AMERICA** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **LABORATORY CORPORATION OF AMERICA HOLDINGS** business as Co-Respondent(s).

3. Complainant **Jazmin Flaherty**, resides in the City of **Bakersfield,** State of **CA**.

4. Complainant alleges that on or about **October 30, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military

-1-
Complaint – CRD No. 202405-24562301

Date Filed: May 1, 2024
Date Amended: December 4, 2024

CRD-ENF 80 RS (Revised 2024/05)

1    exigencies and as a result of the discrimination was terminated, denied any employment
2    benefit or privilege, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

3

4    **Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation,
5    requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was
6    terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied
7    family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

8

9    **Additional Complaint Details:** From about June 20, 2022, and continuing at least through October 30, 2023, and continuing, I was harassed, discriminated against and retaliated
10   against based on my perceived and/or physical disability(s) (left eye injury(s) and associated conditions), perceived and/or mental disability(s) (PTSD, stress, anxiety, depression, panic
11   attacks, and associated conditions), and requesting and/or taking a medical/CFRA leave.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                    -2-
                          *Complaint – CRD No. 202405-24562301*
27
     Date Filed: May 1, 2024
28   Date Amended: December 4, 2024

                                                              CRD-ENF 80 RS (Revised 2024/05)

1 | VERIFICATION

2 | I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read
3 | the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

4 | On December 4, 2024, I declare under penalty of perjury under the laws of the State
5 | of California that the foregoing is true and correct.

6 | **Sherman Oaks, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 | -3-
*Complaint – CRD No. 202405-24562301*

27

28 | Date Filed: May 1, 2024
Date Amended: December 4, 2024

CRD-ENF 80 RS (Revised 2024/05)

*EXHIBIT "B"*



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 1, 2024

Jazmin Flaherty
8912 Andrieu Court
Bakersfield, CA 93311

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202405-24562301
Right to Sue: Flaherty / LABORATORY CORPORATION OF AMERICA et al.

Dear Jazmin Flaherty:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective May 1, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

 STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)